UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLAY A. WALTERS,

                 Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

                 Defendant.

CASE NO.     C06-5384RBL

REPORT AND
RECOMMENDATION

Noted for April 27, 2007

Plaintiff, Clay Walters, brings this action under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying his applications for Disability Income benefits under Titles II, and for Supplemental Security Income disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83.  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  The parties have fully briefed the issues, and, after reviewing the record, the undersigned recommends affirming the Commissioner's decision.

## FACTUAL AND PROCEDURAL  BACKGROUND

Clay Walters was born in 1963.  During High School, Mr. Walters attended special education classes, and he only completed the 10th grade.  His relevant vocational history consists of construction worker, drywall stocker, day laborer and inventory clerk.  Mr. Walters filed his application for social security benefits on May 22, 2003, alleging disability since September 15, 2002.  Mr. Walters alleges he is unable to work due to diabetes mellitus, bipolar disorder, anxiety, post traumatic stress disorder, depressive disorder, angina, hypoglycemic seizures, alcohol dependency in remission, and poly-substance

1  abuse in remission.

2        His application for benefits was denied initially and on reconsideration.  An administrative law

3  judge (ALJ) held a hearing on December 2, 2005, testimony was taken from two witnesses: Plaintiff, who

4  was represented by counsel; and Leta Berkshire, a vocational expert (Tr. 318-43). On March 28, 2006, the

5  ALJ issued a decision finding that Plaintiff was disabled considering the effects of his alcohol and

6  polysubstance abuse, but that, absent these effects, Plaintiff could still perform other work existing in

7  significant numbers in the national economy work (Tr. 9-21). Therefore, the ALJ found Plaintiff not

8  disabled within the meaning of the Social Security Act (Tr. 20-21).  The ALJ's decision became the

9  administration's final decision when the Appeals Council declined a petition for review (Tr. 5-7). 20

10  C.F.R. § 422.210.

11        On July 11, 2006, Plaintiff filed the instant complaint for judicial review, and he raises the following

12  arguments in his Opening Brief:

13        1. the ALJ erroneously determined that Plaintiff's alcohol and poly-substance abuse were material;

14        2. the ALJ erred by finding that Plaintiff could perform a full range of light duty work;

15        3. the ALJ erred by failing to provide a complete hypothetical to the vocational expert; and

16        4. the ALJ failed to properly evaluate, consider and analyze the severity of Plaintiff's mental

17  impairments.

18        In response to plaintiff's arguments and claims, defendant effectively argues Mr. Watson was

19  properly denied social security benefits because the ALJ found he was not disabled absent the effects of his

20  alcohol or drug abuse.   The court finds the ALJ's decision is properly supported by the evidence in the

21  record and the court should affirm the administrative decision.

22  <u>DISCUSSION</u>

23        This Court must uphold the Secretary's determination if the Secretary applied the proper legal

24  standard and there is substantial evidence in the record as a whole to support the decision.  *See* 42 U.S.C.

25  § 405(g); *see also* <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999); <u>Drouin v. Sullivan</u>, 966 F.2d

26  1255, 1257 (9th Cir. 1992); <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial

27  evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

28  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985).  It

is more than a scintilla, but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The burden of proof rests upon plaintiff to establish his or her entitlement to disability benefits. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993).  To meet his burden, plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to..... last for a continuous period of not less than 12 months. . . ." 42 U.S.C.A. §§ 423(d)(1)(A), 1382c(a)(3)(A); see also Matthews, 10 F.3d at 680.

I.      THE ALJ PROPERLY ASSESSED THE MEDICAL RECORD AND THE MATERIALITY OF PLAINTIFF'S ABUSE OF ALCOHOL

The threshold issue in this case is whether or not the ALJ properly concluded Plaintiff's alcohol and poly-substance abuse are material to a finding of disability.  On March 29, 1996, Congress enacted the "Contract with America Advancement Act of 1996," which amended various portions of the Social Security Act. Pub.L. No. 104-121, 110 Stat. 847 (1996).  Section 105(a)(1)(C) of the amendments, titled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

110 Stat. at 852 (1996) (amending 42 U.S.C. § 423(d)(2)).  In determining whether a claimant's alcoholism or drug addiction is material under 42 U.S.C. § 423(d)(2)(C), the test is "whether an individual would still be found disabled if she stopped using alcohol or drugs." 20 C.F.R. § 404.1535(b)(1); Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir.1998). Materiality, however, only becomes an issue after the individual proves that he cannot perform any substantial gainful activity considering all his impairments including drugs and alcohol.  Therefore, the ALJ first determines whether plaintiffs impairments, including his or her use of illicit drugs and/or alcohol, are disabling, and then determines whether plaintiffs impairments, absent the effects of drugs and alcohol, are disabling.  Plaintiff has the burden of proving his alcoholism or drug abuse is not material to the finding of disability.  Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001); Brown v. Apfel, 192 F.3d 492, 497-99 (5th Cir. 1999); Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

After summarizing the medical evidence in detail,  the ALJ explained his finding of materiality, as follows:

> After review of the complete medical record, including the testimony presented at the hearing, I find that the claimant has the following medically determinable severe impairments: affective disorder not otherwise specified, post traumatic stress disorder, alcohol dependency in remission, poly-substance abuse in remission, and insulin dependent diabetes mellitus in partial control.
>
> In the third step of the sequential evaluation, I must determine whether the claimant's impairments meet or medically-equal the level of severity contemplated in the listing of impairments in Appendix 1 of Subpart P, Regulations No. 4.  The claimant's significant and longstanding alcohol and poly-substance abuse appears to exacerbate the claimant's mental difficulties, in that, with consideration of his alcohol and poly-substance abuse, regarding the "B" criteria in Listing 12.09, the claimant experiences moderate limits regarding concentration, persistence, and pace.  These findings indicate that the claimant meets the criteria for Listing 12.09 and, thus, would typically be considered disabled under Regulations.  However, Public Law 104-121 (effective march 29, 1996) amended the definition of "disability" in section 223 (d)(2) and 1614 (a)(3) of the Social Security Act to provide that an individual shall not be considered disabled if alcoholism or drug addiction (i.e., substance dependency disorder) would be contributing factor material to the determination that the individual is disabled.  The key factor in determining materiality is whether the claimant would still be found disabled without consideration of the affects of an alcohol and/or drug addiction.  In this case, the record evidences periods where the claimant was clean and sober which indicated improved functioning.  Specifically, without consideration of the exacerbating effects of alcohol or ply-substance use, the claimant experiences only mild limitations regarding activities of daily living; moderate limitations regarding social functioning; and moderate limitations regarding concentration, persistence, or pace.  Such findings are supported by the fact that, while clean and sober the claimant was able to attend NA and AA meetings and live in a communal clean and sober house.  Ex. 5F.  Further, when examined after six months of sobriety, the evaluator opined that the claimant was able to perform simple and repetitive tasks.  Ex. 7F.  I therefore find that, without the consideration of the exacerbating effects of alcohol or poly-substance use, the claimant does not meet any listing in 12.00, *Mental Impairments*.  Further, there is no evidence that the claimant's severe physical impairments met or equaled any Listing.  Therefore, after consideration of all of the listings of Appendix 1, and as shown in the above summary of the medical evidence, the claimant's impairments do not meet or equal the criteria of any listed impairment.

(Tr. 16).

Plaintiff argues the ALJ should have found him disabled excluding the affects of alcohol and drug abuse, specifically arguing his independent mental limitations are sufficient to find him entitled to disability benefits.  After reviewing the ALJ's decision and the ALJ's references to the record to support his decision, the undersigned is not persuaded by Plaintiff's arguments.

Substantial evidence supports the ALJ's decision.  Plaintiff alleges disability beginning in September 2002, but he did not present sufficient evidence to convince the ALJ that his alcohol and drug abuse were not material to a finding of disability during this time period.   The ALJ specifically noted the following

facts: plaintiff entered treatment at the Pioneer Center for alcohol and polysubstance abuse in October 2002 (Tr. 142-47). In May 2003, he was found lying unresponsive, with a glucose level of 333, and a .31 blood alcohol level (Tr. 172). He reported that he was trying to "drink himself to death" (Tr. 172). Later in the year, Plaintiff reported experienced chest pain after an alcoholic binge, and he was noted as obviously intoxicated by the medical staff (Tr. 162). He had a serum alcohol level of 288 (Tr. 162). A few weeks later, Plaintiff was again in the hospital after being found intoxicated and taken to the hospital for treatment (Tr. 157). Inconsistent with the above, Plaintiff reported to Dr. Price in September 2003 that he had not used alcohol or drugs for the previous six-months (Tr. 198). This evidence show Mr. Walters was abusing alcohol and/or drugs during the time period he was applying for benefits. Moreover, it supports the ALJ's finding that Mr. Walters' alcohol and drug abuse was a cause of his disability during the relevant time period.

Furthermore, the ALJ properly concluded, that absent the alcohol and drug abuse, Mr. Walters' was capable of performing a significant range of light work. In cases where medical evidence may be interpreted in two different manners, the ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). The ALJ may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, after concluding Mr. Walters was disabled due to his abuse of alcohol and drugs, the ALJ considered Mr. Walters' ability to work independent of the alcohol and drugs. As noted above, the ALJ relied on Plaintiff's activities (his ability to attend NA and AA meetings) and Dr. Price's opinion that

Plaintiff was able to perform simple and repetitive tasks (Tr. 198-201).  The ALJ further relied on the state agency medical review which concluded Plaintiff was capable of an ability to perform routine and simple tasks with a variability to perform more complex tasks (Tr. 17, 218), and another medical consultants opinion that Plaintiff was capable of performing work at the light exertion level, with certain restrictions (Tr. 18, 220-225).  The ALJ properly discounted mental evaluations indicating significant mental limitations, as being internally inconsistent and to a large extent based on plaintiff's subjective statements (the ALJ previously and properly found plaintiff's credibility to be lacking) (Tr. 18).

As noted above, the ALJ is entitled to resolve conflicts in the medical evidence.  The ALJ in this case relied on Mr. Walters' daily living activities reported when he was sober, Dr. Price's evaluations, as well as the evaluations of the state agency consultants, to base his conclusion that Mr. Walters retains the capacity to perform a significant range of light work.  The above evidence constitutes substantial evidence, and it was sufficient for the ALJ  to rely upon this evidence, rather than conflicting medical opinions.

## II.    THE ALJ PROPERLY ASSESSED PLAINTIFF'S ABILITY TO PERFORM LIGHT WORK AND PROPERLY RELIED ON THE VOCATIONAL EXPERT

Plaintiff argues the ALJ erred at step-five of the five-step process used by the ALJ to determine disability.  At step-five the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of his age, education, work experience, and residual functional capacity.  *See* Tackett v. Apfel,180 F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995).  In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

Plaintiff argues (i) the ALJ erred in finding Plaintiff capable of performing any type of light work, and (ii) the ALJ posed an incomplete hypothetical to the vocational expert.  Both arguments are premised on the contention that the ALJ failed to properly assess the materiality of Plaintiff's alcohol and drug abuse, as well as the ALJ's assessment of Plaintiff's mental limitations.  As discussed above, the ALJ properly considered both, Plaintiff's drug and alcohol problem and his mental limitations (the medical opinion evidence regarding his mental limitations).   Consistent with the medical opinions relied upon by the ALJ, Plaintiff was assigned the following residual functional capacity: "lift and/or carry 20 pounds

occasionally, and 10 pounds frequently; stand and/or walk six hours in an eight hour workday; sit six hours in an eight hour workday; climb stairs occasionally, but never ladders; balance occasionally; and should avoid height and hazards.  Additionally, due to his mental impairments, the claimant is limited to simple, repetitive work" (Tr. 20).

At the administrative hearing, the ALJ posed a hypothetical to the  vocational expert consistent with the assigned residual functional capacity, and the expert testified that Mr. Walters could perform work as a hotel/motel house keeper and a folder.  After carefully reviewing the record, the court finds no error in the ALJ's evaluation of Plaintiff's ability to perform work within the national economy.

CONCLUSION

The undersigned concludes the ALJ did not erred in his consideration of plaintiff's applications for social security benefits.   Accordingly, the Court should affirm the administrative decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the caption.

DATED this 2nd day of April, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge